UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTER DIVISION

| | | |
|---|---|---|
| TORREY DAVIDSON, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | Case No.: 4:06CV00607 ERW |
| | ) | |
| ADVANCED AUTO PARTS LOCATOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant City of St. Louis Metropolitan Police Department's Motion to Dismiss [doc. #36].

**I.  BACKGROUND FACTS**

In his Amended Complaint, Plaintiff Torrey Davidson ("Plaintiff") alleges eight counts against Defendants Auto Parts Locator, City of St. Louis Metropolitan Police Department, City of St. Louis Board of Police Commissioners, St. Louis City Corrections Division, City Justice Center, Mayor Francis G. Slay, and Correctional Medical Services, Inc.  Plaintiff's allegations against Defendants are numerous and are set forth in great detail in his Amended Complaint.  The pending motion is field only on behalf of Defendant City of St. Louis Metropolitan Police Department ("Defendant").  For purposes of the motion currently before the Court, the Court accepts as true the facts alleged in Plaintiff's Amended Complaint.

Plaintiff is a severely disabled, paraplegic.  On February 4, 2006, Plaintiff's uncle went to Advanced Auto Parts in search of assistance and parts for Plaintiff's van.  However, the employee of Advanced Auto Parts declined his request and refused to go outside to look at Plaintiff's van.

Later, Plaintiff called an employee of Advanced Auto Parts and the employee admitted the rude behavior to Plaintiff's uncle. Plaintiff, Plaintiff's cousin, and Plaintiff's uncle then returned to Advanced Auto Parts with a tape recorder, to locate and purchase parts for Plaintiff's van, however, they were again refused service. Consequently, Plaintiff telephoned the St. Louis Police Department to report the incident.

In response to the telephone call, the police arrived at Advanced Auto Parts and arrested Plaintiff without charging him for a crime. Plaintiff alleges that the police used excessive force during the arrest, as well as while he was receiving treatment at St. Alexius Hospital, and while being transported to the Justice Center.

## II. LEGAL STANDARD

The standard governing motions to dismiss is well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is

2

some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976). However, to avoid dismissal under Rule 12(b)(6), "the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999)

## III. DISCUSSION

Plaintiff's claims against Defendant City of St. Louis Metropolitan Police Department allege violation of §§1983, 1985 and 1986 of Title 28 of the United States Code. The Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331.[1]

### A. Timeliness

Plaintiff argues that the Defendant waived its right to file a motion to dismiss, because Defendant answered the initial and Amended Complaints of the Plaintiff and participated in discovery. *Pl. Memo. in Opp. To Def. City of St. Louis Met. Police Dep't.'s Mot. To Dismiss*, 2.

Under Rule 12 of the Federal Rules of Civil Procedure, a "defense of failure to state a claim upon which relief can be granted, . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Fed.R.Civ.P. 12(h)(2). "Whether defendants' motion be characterized as a motion to dismiss for failure to state a claim upon which relief can be granted or a motion to dismiss for lack of subject

---

[1]"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

3

matter jurisdiction, it is clear that both may be raised before the district court at any time." *Alford v. National Post Office Mail Handlers,* 576 F.Supp. 278 (D.C.Mo.1983). Therefore, it is proper for the Defendant to raise the motion to dismiss at this time, even though it has answered the Plaintiff's Amended Complaint.

### B. Suitable Defendant[2]

Under Missouri Statute, the St. Louis Board of Police Commissioners is the government agency "authorized and required to appoint, enroll, and employ a permanent police force" for the City of St. Louis. Mo. Rev. Stat. §84.100. In order for a party to be amenable to suit, the plaintiff must assert allegations against a legal or government entity capable of being sued. *Catlett v. Jefferson County*, 299 F.Supp.2d 967, 967 (E.D.Mo. 2004). "The Eighth Circuit Court of Appeals has previously determined that police departments are not suable entities. . .." *Mosley v. Reeves*, 99 F.Supp.2d 1048, 1053 (E.D.Mo. 2000) (citing *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Any legal action brought against the St. Louis Police Department must be asserted against the Board of Police Commissioners, as they are the legal entity created by Missouri State Statute. *Catlett*, 299 F.Supp.2d at 967 ("any legal action against them [the city police system] must be asserted against the members of the board of police commissioners." (Citing *American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City*, 227 S.W. 114, 116-17 (Mo. 1920)). Therefore, the Defendant is not a legal entity, and is not a suitable defendant in the case before the court.

## IV. CONCLUSION

---

[2]The Court additionally notes that the Plaintiff "does not have an objection to the Court substituting parties in the interest of justice." *Pl. Memo. in Opp. to Def. Mot. To Dismiss*, 2.

The Defendant's Motion to Dismiss will be granted, as the City of St. Louis Metropolitan Police Department is not the appropriate Defendant in this action. Plaintiff's request that the appropriate defendant be substituted is unnecessary, as the St. Louis Board of Police Commissioners, the correct defendant, is also named in Plaintiff's Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis Metropolitan Police Department's Motion to Dismiss [doc. #36] is **GRANTED**.

Dated this 13th Day of February, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE