UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TORREY DAVIDSON, | ) |
|---|---|
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:06CV00607-ERW |
| ADVANCED AUTO PARTS LOCATOR, d/b/a ADVANCED AUTO PARTS, et al., | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant St. Louis City Corrections Division-City Justice Center's Motion for Summary Judgment [doc. #54], Defendants City of St. Louis Board of Police Commissioners, Chris Goodson, Jo Ann Freeman Morrow, Julius Hunter, Michael Quinn, and Mayor Francis Slay's Motion for Summary Judgment [doc. #57], and Defendant Correctional Medical Services, Incorporated's Motion for Summary Judgment [doc. #59].

**I. BACKGROUND FACTS**[1]

On February 4, 2006, Plaintiff sent his uncle to Advanced Auto Parts ("the store") to purchase parts for Plaintiff's van. While Plaintiff's uncle was in the store, Plaintiff spoke over the phone with a store employee regarding the price of the parts Plaintiff required. Plaintiff asserts that he was yelled at over the phone by the employee, who allegedly referred to Plaintiff's disability in a profane manner; Plaintiff is a paraplegic and is confined to a wheel chair. Later that

---

[1] The Court's recitation of the facts is taken from Defendants' statements of uncontroverted material facts, and Plaintiff's statements of uncontroverted material facts. The Court notes where the parties disagree on the facts.

1

same day, Plaintiff returned personally to the store, with his uncle and cousin, to purchase the required parts and to complain about the behavior of the employee with whom Plaintiff had spoken over the phone. Plaintiff alleges that he was verbally accosted by the same employee and told to leave the store. Plaintiff further alleges that the store employee attempted to force Plaintiff to leave the store by grabbing Plaintiff's wheelchair, and eventually pulling Plaintiff out of his wheelchair causing him to fall to the floor. Plaintiff's uncle helped him back into his wheelchair. A store manager then spoke with Plaintiff; during this conversation, Plaintiff became frustrated and knocked a number of items off the shelf onto the floor.

At some point during the altercation at the store, the St. Louis City Police arrived. A police officer spoke with the store manager, and decided that Plaintiff was responsible for causing the disturbance, and arrested Plaintiff. When Plaintiff was approached by Police, Plaintiff raised his hands in an attempt to prevent the officer from handcuffing him. Plaintiff asserts that he felt the arrest was unfair, as the officer failed to ask Plaintiff, or Plaintiff's relatives, for their version of events. Due to Plaintiff's resistance, the officer used force to attempt to handcuff the Plaintiff. In the altercation that followed, Plaintiff ended up out the wheelchair, on the floor of the store, and received two doses of mace directly in his face. Immediately following Plaintiff's arrest he was taken to St. Alexius Hospital where he was treated and declared fit for confinement. During the time Plaintiff was in the hospital, Plaintiff alleges that he was hit with a baton by a female police officer. Plaintiff further alleges that a pillow case was placed over his head while he was being transported from the hospital, and that during transport he was threatened by police.

Following Plaintiff's release from the hospital, he was taken to St. Louis City Justice Center. Plaintiff asserts that he was handcuffed in such a manner that his wrist was caught between the wheel of his wheelchair and the chair, causing him great pain while he was being

2

moved. While Plaintiff was being processed, Plaintiff states that he told prison staff that he was on three prescription medications that he did not possess, but which he needed to take. Plaintiff alleges that he was never provided with the medications. Defendant CMS does not dispute this, but rather states that the facility was not authorized to give Plaintiff narcotic medications, and that the other two prescription medications were not available. Plaintiff's medications were prescribed for pain and anxiety. Plaintiff does not allege injury because he did not take the unavailable medication. Plaintiff further alleges that while in the St. Louis City Justice Center, Plaintiff needed to change his colostomy bag, and was not able to do so. Specifically, Plaintiff alleges that he requested a new bag from a guard, who stated that Plaintiff would have to see a nurse. Plaintiff later made the same request of a nurse who was handing out medication. The nurse said that he would return to take Plaintiff to change his bag. Plaintiff informed the nurse that he could change the bag himself, if he was provided with a new one. The nurse told Plaintiff that he could not change the bag in the cell as it was unclean, but he would have to be taken to the medical unit. Thereafter, the nurse gave Plaintiff a piece of requested tape to cover a leak in the bag. Plaintiff alleges that it was another six to eight hours later when he was finally taken to the medical unit and given a new colostomy bag. The delay caused Plaintiff's bag to rupture. Feces and urine, contained in the bag, covered Plaintiff. Plaintiff further alleges that when he was given a new bag, he was not given any means of cleaning himself. The Defendants do not specifically refute these incidents, although they do disagree with the amount of time Plaintiff was required to wait before receiving a new bag.

## II. PROCEDURAL BACKGROUND

Plaintiff Torrey Davidson filed suit against Advanced Auto Parts Locator ("Defendant Advanced"); the City of St. Louis Metropolitan Police Department, Jane Doe and John Doe I-IV,

3

unnamed police officers; City of St. Louis Board of Police Commissioners, Chris Goodson, Jo Ann Freeman Morrow, Julius Hunter, Michael Quinn, Mayor Francis Slay (collectively "Defendants Board of Police Commissioners"), and St. Louis City Corrections Division-City Justice Center ("Defendant City Justice Center"), John Doe V-IX, unnamed correctional officers, Correctional Medical Services Inc. (Defendant "CMS") , Jane Doe II and John Doe X, CMS nurses. On February 13, 2007 this Court granted Defendant City of St. Louis Metropolitan Police Department's Motion to Dismiss, and therefore the Metropolitan Police Department is no longer a party to this action.

Plaintiff's suit is in eight counts. Count I alleges violation of 42 U.S.C. § 12182 by Defendant Advanced, Counts II-VI allege violations of 42 U.S.C. § 1983 against the police, municipal, and correctional defendants, Count VII alleges violation of 42 U.S.C. § 1985(3) against the police, municipal, and correctional defendants, and Count VIII alleges violation of 42 U.S.C. § 1986 against the police municipal, and correctional defendants. Currently pending before the Court are three Motions for Summary Judgment, which the Court will address, in turn.[2]

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment, only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The United States Supreme Court has noted that "summary judgment procedure is properly regarded not as a disfavored

---

[2] The three motions for summary judgment challenge Counts II-VIII. There is no motion for summary judgment pending by Defendant Advanced.

4

procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (quoting Fed. R. Civ. P. 1). "By its terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Id*. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 249. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*

5

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

## IV. DISCUSSION

There are currently three motions for summary judgment pending before the Court. However, before addressing the pending motions, the Court will address the unnamed parties that are listed on the complaint. Specifically, Plaintiff names five unknown police officers, Jane Doe and John Does I-IV, five unknown correctional officers, John Does V-IX, and two unknown nurses, Jane Doe II and John Doe X.

An unnamed defendant may properly be dismissed without prejudice, as such a party cannot defend an action against them. *See e.g. Phelps v. United States Federal Government*, 15 F.3d 735, 739 (8th Cir. 1994) ("[T]he district court did not err by dismissing the 'unknown defendants' without prejudice . . .."). However, the Eighth Circuit has held that dismissal of unknown defendants at the motion to dismiss or pleading stage is improper, if it appears that after discovery, the plaintiff could offer facts which would substantiate the identity. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (Where plaintiff alleged specific facts against individual unnamed defendant, "it was improper for the court to dismiss the claim at such an early juncture."); *see also Brandon v. District of Columbia Board of Parole*, 734 F.2d 56,59 (D.C.Cir. 1984) ("If discovery and the creation of an evidentiary record could effect disposition of the legal questions raised, *sua sponte* dismissal is wholly unwarranted.").

Here, Plaintiff is not pro se; he has had ample time to conduct discovery. This is not the motion to dismiss stage, or as in *Brandon*, frivolity review, 734 F.2d at 59, but rather the motion for summary judgment stage. Plaintiff has had the opportunity to discover the identity of the unnamed defendants and has not done so.[3] Accordingly, the unnamed defendants are dismissed.

### A. Defendant City Justice Center' Motion for Summary Judgment[4]

Plaintiff, in Counts III-VIII, has asserted six counts against Defendant City Justice Center, alleging deliberate indifference to a serious medical need, unlawful detention, a due process violation, conspiracy under 42 U.S.C. § 1985(3), and failure to prevent a conspiracy under 42 U.S.C. § 1986. Defendant City Justice Center seeks summary judgment on all counts, asserting that Plaintiff has failed to provide sufficient evidence of any constitutional violations, or conspiracy to violate Plaintiff's constitutional rights. The Court will address each count, in turn.

The Court first addresses Defendant City Justice Center's contention that Plaintiff was not in their custody when the alleged constitutional violations took place. If Defendant City Justice Center's assertion is correct, then this disposes of all Counts against Defendant City Justice Center. Defendant City Justice Center argues that Plaintiff was never in the custody of the City of St. Louis Department of Corrections, because Plaintiff never left the custody of the City of St.

---

[3]The Court notes that in Plaintiff's opposition brief to Defendants Board of Police Commissioners' Motion for Summary Judgment, Plaintiff identifies three St. Louis Police Officers allegedly involved in the incident, Mark E. Rodebaugh, Sean M Murphy, and Keith W. Boyd. However, Plaintiff does not associate these Officers with specific acts alleged in his Complaint. Furthermore, the Plaintiff has not sought to substitute these individuals as Defendants and therefore they have not received service of process. Naming the officers in the argument section of an opposition brief is insufficient to allow Plaintiff to proceed to trial against these individuals.

[4]The Court will address each count as presented by Defendant City Justice Center in their Memorandum in Support of Motion for Summary Judgment. Where the same arguments are raised by the other two pending motions for Summary Judgment, the Court will reference the prior analysis.

7

Louis Police Department. Patrick Schommer testified by affidavit that inmates remain in the control of the St. Louis Metropolitan Police Department until their custody is transferred to the city of St. Louis. However, Defendant City Justice Center has failed to provide any case law to support the argument that because Plaintiff was not officially in the custody of the Defendant City Justice Center, actions regarding the management, policies, and customs, of the St. Louis City Justice Center are not subject to judicial scrutiny. Therefore, the Court will address the merits of each of Plaintiff's claims against Defendant City Justice Center.

### 1. Counts III and IV

Counts III and IV of Plaintiff's Amended Complaint allege cruel and unusual punishment in violation of 42 U.S.C. § 1983. In his dual claims for this violation, Plaintiff raises the failure to provide him with a new colostomy bag, and failure to provide him with prescription medication. Defendant City Justice Center argues that Plaintiff has failed to provide any evidence to establish that he suffered a serious medical need, because he has failed to show any detrimental effect of the delay in changing his colostomy bag, or deprivation of the prescription drugs for the twenty-four hour period. Furthermore, Defendant City Justice Center argues that Plaintiff has failed to provide any evidence of a policy or custom of such Defendant which would support liability under § 1983. Plaintiff responds that Defendant City Justice Center is responsible for the policies and procedures used in the operation of the City Justice Center and is therefore responsible for the actions of the employees at the City Justice Center.

Both Plaintiff and Defendant City Justice Center cite to *Estelle v. Gamble*, which held that the Eighth Amendment protects against deliberate indifference on the part of prison staff to a prisoner's serious medical needs. 429 U.S. 97, 105 (1976). However, the Supreme Court subsequently held that the Eighth Amendment's protection applies only to post conviction

prisoners, not those imprisoned following arrest or awaiting trial. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244 (1983) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." (Internal citation and alteration omitted)). Rather, the appropriate Constitutional provision, prior to an adjudication of guilt, is the Fourteenth Amendment due process clause. *Id. See also Bell v. Wolfish*, 441 U.S. 520, 537 (1979) ("The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees.").

In a recent Eighth Circuit opinion, the court appears to apply the Eighth Amendment to a pretrial detainee, stating that:

> Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment as applied to the States by the Fourteenth Amendment. Hartsfield [plaintiff] was a pretrial detainee at the time in question, but it is now well settled 'that deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety.'

*Hartsfield v. Colburn*, 2007 WL 2050849, at *2 (8th Cir. July 19, 2007) (citing *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006)). The Eighth Circuit appears to be contradicting the Supreme Court's clear holding that the Eighth Amendment does not apply to pretrial detainees. *See e.g. City of Revere*, 463 U.S. at 244 ("'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.' Because there had been no formal adjudication of guilt against Kivlin [inmate] at the time he requested medical care, the Eighth Amendment has no application." (citing *Ingraham v. Wright*, 430 U.S. 651, 671-72, n. 40 (1979)) (alterations in original) (bracketed language added)). The Supreme Court held that states do not have the authority to punish an individual prior to an adjudication of guilt, and the Eighth Amendment is

9

only concerned with punishment. *Ingraham*, 430 U.S. at 671 n. 40. However, the denial of medical care of a pretrial detainee may be challenged under the Fourteenth Amendment Due Process clause. *City of Revere*, 463 U.S. at 244. The Court in *City of Revere*, however, did not make clear the standard to be used in analyzing a claim by a pretrial detainee. *Id.* at 245 ("Whatever the standard may be, Revere fulfilled its constitutional obligation by seeing that Kivlin [inmate] was taken to a hospital that provided the treatment necessary for his injury."). This left open the possibility that the standard was higher for pretrial detainees than convicted prisoners. *Id.* at 244 ("[T]he due process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted Prisoner."). The Eighth Circuit in *Butler v. Fletcher*, held that the standard was one of deliberate indifference. 465 F.3d at 345. This Court believes that the Eighth Circuit was simply reiterating this standard in *Hartsfield*, and making clear that Eighth Amendment jurisprudence is fully applicable to an analysis under the Fourteenth Amendment due process clause for pretrial detainees.

Plaintiff has failed to establish a claim of deliberate indifference to a serious medical need against Defendant City Justice Center. In his allegations, Plaintiff states that he was denied a new colostomy bag when requested, and that he was not given his prescription medications. Plaintiff has failed to provide the Court with any evidence of a pattern or custom of such deprivations sufficient to hold Defendant City Justice Center liable. The minimal evidence provided by the Plaintiff, supports only allegations that individual correction officers failed to provide Plaintiff with the requested medical attention. While it is true that "Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies[,]" they can only be subject to a recovery where the "action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted

10

and promulgated by that body's officers." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978) (emphasis in original). Plaintiff has not alleged an unconstitutional policy, ordinance, regulation, or decision officially adopted. Assuming, without deciding, that Plaintiff was subjected to unconstitutional behavior by the actions of the corrections officers, this alone would be insufficient to subject the Defendant City Justice Center to liability. *Id*. at 691. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. (emphasis in original). Plaintiff must provide some evidence that the actions of Defendant City Justice Center *caused* the corrections officers conduct. *Id*. at 692 ("Indeed, the fact that Congress did specifically provide that A's tort became B's liability if B 'caused' A to subject another to a tort suggests that Congress did not intend § 1983 liability to attach where causation was absent."); *see also Kuha v. City of Minnetonka*, 365 F.3d 590, 603 (8th Cir. 2003) ("[T]he Supreme Court has instructed courts to employ strict standards of causation and culpability.").

Plaintiff has not provided any evidence to show that Defendant City Justice Center had a policy or custom which caused Plaintiff's alleged injuries at the hands of five unidentified corrections officers. The Eighth Circuit in *Szable v. City of Brooklyn Park, Minnesota*, held that where there is no facially unconstitutional policy, the Plaintiff must provide evidence that the "municipality's failure to adopt adequate safeguards was the product of deliberate indifference to the constitutional rights of its inhabitants." 486 F.3d 385, 390 (8th Cir. 2007). Plaintiff has not provided any evidence which shows such a level of deliberate indifference on the part of Defendant City Justice Center, sufficient to support a finding in favor of Plaintiff that it caused Plaintiff's injuries. Therefore, Defendant City Justice Center is entitled to summary judgment on Counts III and IV of Plaintiff's Amended Complaint.

### 2. Count V

Count V alleges that Plaintiff was unlawfully detained for three to four days by Defendant City Justice Center. Plaintiff's testimony, as well as the prison records, show that Plaintiff was detained for approximately 24 hours. Plaintiff does not respond to Defendant City Justice Center's motion under Count V. The evidence shows that Plaintiff was lawfully arrested[5] following an incident at the store, was subsequently transported to St. Alexius Hospital, and then to St. Louis City Justice Center. The St. Louis Metropolitan Police Department filled out an incident report charging Plaintiff with three counts of third degree assault for which he was arrested and detained. *Def. City Justice Center's Memo. in Support of Def. City Justice Center's Mot. for Summ. Judg.*, Ex. C. There is no evidence supporting Plaintiff's allegation that he was unlawfully detained, therefore Defendant City Justice Center is entitled to summary judgment on Count V of Plaintiff's Amended Complaint.

### 3. Count VI

Count VI alleges that Defendant City Justice Center violated Plaintiff's due process rights by denying Plaintiff access to a telephone. Defendant denies liability on this basis, and argues that there can be no liability under § 1983 based on the doctrine of *respondeat superior*. In its reply brief, Plaintiff makes clear that he is relying on the doctrine of *respondeat superior* to hold Defendant City Justice Center liable. "It is well settled that respondeat superior is not a basis for liability under 42 U.S.C. § 1983." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997); *see also Kulow v. Nix*, 28 F.3d 855, 858 (8th Cir. 1994) ("'[R]espondeat Superior is not a basis for liability under 42 U.S.C. § 1983'" (citing *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir.

---

[5]Plaintiff has not alleged that he was unlawfully arrested, but only that he was unlawfully detained. The incident report shows that Plaintiff was arrested for three counts of third degree assault, which Plaintiff does not dispute.

1990)) (alterations in original)). Plaintiff's claim cannot succeed on the basis of *respondeat superior* liability, and therefore Defendant City Justice Center is entitled to summary judgment on Count VI.

### 4. Count VII

Count VII alleges a conspiracy under 42 U.S.C. § 1985(3)[6] to violate Plaintiff's constitutional rights. In order to succeed on a claim under this section, Plaintiff must prove:

> (1) that the defendants did conspire, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that another person was injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States.

*Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (internal quotations omitted). In order to succeed on a claim under § 1985(3) "the plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Id.* At the very least, Plaintiff must point to "some facts which would suggest that appellees reached an understanding to violate [his] rights." *Id.* (internal citations omitted) (alterations added). Plaintiff has provided no evidence of specific facts to support his claim of a conspiracy. Plaintiff points only to the allegations of individual constitutional violations to support his claim. At the summary judgment stage of the proceedings allegations are insufficient to protect the Plaintiff against a finding in favor of Defendant City Justice Center. Furthermore, the allegations do not allege any

---

[6]42 U.S.C. § 1985(3) states:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

13

specific facts to support a finding of an agreement between the Defendants. Defendant City Justice Center's motion for summary judgment on Count VII of Plaintiff's Amended Complaint is granted.

### 5. Count VIII

Plaintiff's final claim against Defendant City Justice Center alleges a violation of 42 U.S.C. § 1986 for failing to act with reasonable diligence to prevent a conspiracy under 42 U.S.C. § 1985(3). The parties do not dispute that a § 1986 claim is dependant on a valid § 1985(3) claim. As Plaintiff has failed to provide sufficient evidence to support a finding that Defendant City Justice Center conspired to violate his rights under § 1985(3) he cannot succeed on a claim under § 1986. Therefore, Defendant City Justice Center is entitled to summary judgment on Count VIII of Plaintiff's Amended Complaint.

## B. Defendant Board of Police Commissioners' Motion for Summary Judgment

The Court will next address Defendant Board of Police Commissioners' Motion for Summary Judgment. Plaintiff's Complaint alleges the same counts as chronicled above against Defendant City Justice Center, and Plaintiff's claims are equally unsuccessful. Rather than addressing each count in turn, the Court will address the arguments as presented in Defendants Board of Police Commissioners' Motion, as each argument relates to more than one claim. Additionally, although the Plaintiff does not differentiate, the Court will address the Board itself as distinct from the Board members, as different arguments are pertinent to each.

### 1. The Board as a Defendant

Defendants Board of Police Commissioners first argue that the Board is entitled to summary judgment on all counts, because it may only be sued through its members. The Missouri Court of Appeals has specifically held that "[i]t has long been established that the St. Louis Board

of Police Commissioners may only be sued by bringing an action against the individual members of the Board in their official capacity." *Best v. Schoemehl*, 652 S.W.2d 740, 742 (Mo.Ct.App. 1983). "An action against the 'St. Louis Board of Police Commissioners' in that name does not lie." *Id. see also Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988) ("The St. Louis Board of Police Commissioners is not a suable entity. Jurisdiction can only be obtained by suing its individual members." (internal quotation and alteration omitted)). Therefore, the Board of Police Commissioners, in that name, is entitled to summary judgment on all counts.

### 2. The Individual Board Members and Mayor Francis Slay

Next the Court will address Plaintiff's claims against the individual board members, and Mayor Francis Slay (collectively "Board Members"). The Board Members first attack Plaintiff's claims under 42 U.S.C. § 1983, arguing that no allegation has been made of personal involvement by any board member, and there is insufficient evidence of a policy or custom in order to hold the members liable as a municipal entity. The Board Members next attack Plaintiff's claims under 42 U.S.C. §§ 1985(3) and 1986, arguing that there is insufficient evidence of a conspiracy to support a jury finding in Plaintiff's favor. The Court will address each argument, in turn.

The Board Members are correct that Plaintiff's complaint does not allege any specific actions by an individual board member, which would constitute a constitutional violation, but rather is seeking to attach liability under 42 U.S.C. § 1983 based on an unconstitutional policy or custom. As cited above, the Supreme Court in *Monell*, held that liability may attach under 42 U.S.C. § 1983 for municipality policies or customs which cause a deprivation of rights protected by the constitution. 436 U.S. at 690-691. A policy is generally considered a written policy by the municipality, whereas a custom is an unconstitutional action by a municipality which "has not received formal approval through the body's official decisionmaking." *Id.* at 691; *see also*

15

*Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999) ("Policy is an official policy, a deliberate choice of a guiding principal or procedure made by an official with authority, custom is a persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization."). The Court further held that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused the constitutional tort. In particular, we conclude that a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

Here, Plaintiff has failed to provide any evidence of a policy or custom by the Board Members which caused the constitutional deprivations alleged by Plaintiff. Plaintiff asserts *respondeat superior* liability which is clearly unavailable. Plaintiff also asserts that the circumstances of the alleged violation of Plaintiff's constitutional rights provides evidence of a custom or policy. Specifically, by arguing that a number of police officers were involved, Plaintiff says this shows an "unwritten policy of indifference." *Pl. Opposition to Def. City of St. Louis Board of Police Commissioners' Mot. For Summ. Judg.*, p. 15. However, this is insufficient to show a widespread pattern or practice to which the Board Members acted with deliberate indifference or tacit authorization. *Johnson*, 172 F.3d at 536.[7] Therefore, the Defendant Board

---

[7] The Court also notes that liability based on a policy or custom requires a showing that there was an underlying violation of Plaintiff's constitutional rights. *Conway v. Battelle*, 2006 WL 897142, at *22 (E.D.Mo. March 30, 2006) ("[A] party is unable to prevail on such theories unless an underlying violation of the Constitution is established." (Citing *Schulz v. Long*, 44 F.3d 643, 650 (8th Cir. 1995)). Plaintiff has not provided any evidence in support of his assertions against the St. Louis Police Department which could support a jury verdict that the individual officer's violated Plaintiff's constitutional rights. Plaintiff did not allege excessive force, nor unlawful arrest, but rather seeks to recover based upon his detention and treatment while detained.

Members and Mayor Francis Slay are entitled to Summary Judgment on Counts II-VI, which assert liability under § 1983.

For the same reasons stated above in sections IV.A.4 and 5, the Board Members are entitled to summary judgment on Counts VII and VIII, which allege conspiracy to violate Plaintiff's constitutional rights, and negligent failure to prevent conspiracy. The analysis there resolves these claims. The Defendant Board Members and Mayor Francis Slay are entitled to Summary Judgment on Counts VII and VIII of Plaintiff's Amended Complaint.

**C. Defendant CMS's Motion for Summary Judgment**

Lastly, the Court addresses Defendant CMS's Motion for Summary Judgment. Defendant CMS seeks summary judgment on Counts III and IV, the § 1983 violations, and Counts VII and VIII, the claims for conspiracy and negligent failure to prevent a conspiracy under § 1985(3) and § 1986, respectively. Defendant CMS had no part in the arrest, or detention of Plaintiff, and therefore Counts V and VI offer Plaintiff no relief.

Defendant CMS raises the same argument as that raised by Defendant City Justice Center, and the Defendants Board of Police Commissioners, namely that Plaintiff has failed to provide sufficient evidence to support a finding of an unconstitutional policy or custom necessary to subject Defendant CMS to liability under § 1983. *See Clay v. Morgan*, 79 Fed. Appx. 940, 941 (8th Cir. 2003) ("A corporation like CMS can be liable only if it acts under color of state law, and its policies, customs, or actions by those who present policy inflict injury actionable under section 1983."); *see also Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff again relies on the alleged actions against him to support a finding of a policy or custom. However, a single incident of a constitutional violation, even when more than one individual is involved, is insufficient to support a finding of a custom, and no evidence has been presented of a written

17

policy. *See e.g. Andrews v. Fowler*, 98 F.3d 1069, 1075 (8th Cir. 1996) (The court held that a to succeed on a claim of policy or custom, "the plaintiff must show that city officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action." (internal citation omitted)). Therefore Defendant CMS is entitled to Summary Judgment on Counts III-IV.

Counts VII and VIII also require little additional discussion. As with the other two motions for summary judgment, Defendant CMS is entitled to summary judgment on Counts VII and VIII, because Plaintiff has failed to provide any evidence of a conspiracy between the Defendants to deprive Plaintiff of a constitutional right. To succeed on a claim under 42 U.S.C. § 1985(3), Plaintiff must provide evidence of an agreement to violate Plaintiff's Constitutional rights. Plaintiff has not provided any evidence to support this conclusion, but rather only conclusory allegations in the complaint. Therefore, Plaintiff's claim under § 1986 also fails as liability under this section first requires a valid claim under § 1985(3). Defendant CMS is entitled to Summary Judgment on Counts VII and VIII of Plaintiff's Amended Complaint.

## V. CONCLUSION

Plaintiff fails to provide sufficient evidence to support a jury finding of a constitutional violation against Defendants City Justice Center, Board of Police Commissioners, Mayor Francis Slay, and CMS. Counts II-VI all suffer from the same defect, the lack of evidence to support a finding of official policy or custom necessary to place liability on an agency or municipality. 42 U.S.C. § 1983 requires a showing of individual action which caused the deprivation, therefore a supervisor, agency, or municipality, can only be liable upon a showing of a custom or policy. *Monell*, 436 U.S. at 690. Plaintiff has also failed to provide evidence of a conspiracy, and

therefore Defendants are entitled to Summary Judgment on Counts VII and VIII. The only count remaining is Count I against Defendant Advanced.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City Justice Center's Motion for Summary Judgment [doc. #54] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Board of Police Commissioners, Chris Goodson, JoAnn Freeman Morrow, Julius Hunter, Michael Quinn, and Francis Slay's Motion for Summary Judgment [doc. #57] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Correctional Medical Services, Inc.'s Motion for Summary Judgment [doc. #59] is **GRANTED**.

Dated this 9th Day of August, 2007.

<br>

                                        E. RICHARD WEBBER
                                        UNITED STATES DISTRICT JUDGE